IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

PUERTO RICO MEDICAL EMERGENCY
GROUP, INC.,

    **Plaintiff,**

        **v.**

IGLESIA EPISCOPAL
PUERTORRIQUEÑA, INC., *et al.*,

    **Defendants.**

**Civil No.** 14-1616 (FAB)

## OPINION AND ORDER[1]

BESOSA, District Judge.

    Before the Court is a renewed motion to compel discovery filed by plaintiff Puerto Rico Medical Emergency Group, Inc. ("PRMEG"). (Docket No. 109.)  Defendants Hospital Episcopal San Lucas, Inc. ("HESL"), Servicios Generales Episcopales, Inc. ("SGE"), and Servicios de Salud Episcopales ("SSE") opposed the motion, (Docket No. 111), and PRMEG replied, (Docket No. 114).

    Also before the Court is a related motion for a protective order filed by defendants Iglesia Episcopal Puertorriqueña, Inc. ("IEP"), HESL, SGE, and SSE.  (Docket No. 94.)  PRMEG opposed. (Docket No. 105.)

    For the reasons that follow, the Court **GRANTS IN PART** and **DENIES IN PART** PRMEG's renewed motion to compel discovery, (Docket

---

[1] Nathanael R. Krevor, a second-year student at The George Washington University Law School, assisted in the preparation of this Opinion and Order.

No. 109), and **DENIES** defendants' motion for a protective order, (Docket No. 94).

## I.  BACKGROUND

On September 30, 2015, PRMEG sent its first discovery request to defendants IEP, HESL, SGE, and SSE. (Docket No. 92-1.) In response, defendants requested a conference to "provide the documentation that [they] possess[ed]" and to "coordinate the additional time required for the few remaining documents." (Docket No. 92-3.) The parties met on December 23, 2015, and agreed that defendants would answer PRMEG's first discovery request on or before January 11, 2016. (Docket No. 92-4 at p. 1.) On January 12, 2016, HESL, SGE, and SSE sent answers to PRMEG's first discovery request. (Docket No. 92-6.) PRMEG responded, explaining why the answers were inadequate and incomplete. (Docket No. 92-7.) The parties met again to address the discovery issues, and defendants agreed to provide further disclosures by February 8, 2016. (Docket No. 92-8 at p. 1.) Because defendants failed to make further disclosures by the agreed upon date, PRMEG filed a motion to compel discovery on February 9, 2016.[2] (Docket No. 92.) Defendants HESL, SGE, and SSE opposed, (Docket No. 93), and PRMEG replied, (Docket No. 99).

---

[2] PRMEG's motion to compel asked the Court to compel discovery from only three defendants - HESL, SGE, and SSE. (Docket No. 92-1 at p. 11.) PRMEG's renewed motion to compel discovery also makes no request for an order directed to the fourth defendant, IEP. (Docket No. 109 at p. 12.)

On January 26, 2016, PRMEG sent notice to take depositions of all defendants.  (Docket No. 94-2.)  The notice scheduled four separate depositions, one for each defendant.  Id.  On February 1, 2016, PRMEG sent notice to depose a non-party corporation, Saint Luke's Memorial Hospital, Inc. ("SLMH").  (Docket No. 109-1.)

On February 18, 2016, defendants moved the Court for a protective order limiting and quashing certain topics in PRMEG's deposition notice.  (Docket No. 94.)  PRMEG opposed.  (Docket No. 105.)

The parties consolidated the four depositions of defendants and the deposition of SLMH into a single deposition, and defendants and SLMH designated the same two individuals to speak to all topics listed in the deposition notices.  See Docket Nos. 109 at p. 3 n.3; 109-2; 114 at pp. 2-3.  The consolidated deposition of the two individuals representing defendants and SLMH took place in April 2016.  See Docket No. 109 at p. 3.

On April 26, 2016, after the discovery deadline passed, the Court asked the parties whether the outstanding discovery motions were moot.  (Docket No. 108.)  PRMEG responded that the motion to compel discovery was not moot and renewed its request to order HESL, SGE, and SSE to produce the outstanding discovery subject to sanctions for noncompliance.  (Docket No. 109.)  In that motion, PRMEG reiterated the inadequacy of the response by defendants HESL, SGE, and SSE to PRMEG's first discovery request, id. at pp. 2-9,

and described the inadequacy of defendants' deponents, id. at pp. 9-11.  Defendants HESL, SGE, and SSE opposed the renewed motion to compel discovery, (Docket No. 111), and PRMEG replied, (Docket No. 114).

## II.  DISCUSSION

Federal Rule of Civil Procedure 26 ("Rule 26") states that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case" and that information "need not be admissible in evidence to be discoverable."  Fed. R. Civ. P. 26(b)(1).  Within the scope of Rule 26, a party may conduct discovery by serving another party with a request for documents pursuant to Federal Rule of Civil Procedure 34 ("Rule 34") and by conducting oral depositions pursuant to Federal Rule of Civil Procedure 30 ("Rule 30").  If "a party fails to produce documents . . . as requested under Rule 34" or "a deponent fails to answer a question asked under Rule 30," the affected party may move for an order compelling discovery.  Fed. R. Civ. P. 37(a)(3)(B)(i), (iv).

In its renewed motion to compel discovery, PRMEG claims that HESL, SGE, and SSE are deficient in their obligations to produce documents and to name and prepare representatives for deposition. (Docket No. 109.)

Civil No. 14-1616 (FAB)                                            5

## A.   Production of Documents

Rule 34 allows a party to serve on any other party a request to produce documents or electronically stored information within the "responding party's possession, custody, or control." Fed. R. Civ. P. 34(a)(1). "The party to whom the request is directed must respond in writing within 30 days after being served," although "[a] shorter or longer time may be stipulated to under [Federal Rule of Civil Procedure] 29 or be ordered by the court." Fed. R. Civ. P. 34(b)(2)(A). "For each item or category, the response must either state that inspection and related activities will be permitted as requested or state with specificity the grounds for objecting to the request, including the reasons." Fed. R. Civ. P. 34(b)(2)(B). "An objection must state whether any responsive materials are being withheld on the basis of that objection." Fed. R. Civ. P. 34(b)(2)(C).

PRMEG moves to compel HESL, SGE, and SSE to produce (1) documents related to defendants' interactions with insurance companies and (2) documents related to monetary transactions between defendants. (Docket No. 109.)

### 1.   Documents Related to Defendants' Interactions with Insurance Companies

PRMEG claims that HESL, SGE, and SSE failed to provide (1) HESL's billing records in an adequate format, (2) documentation regarding settlement agreements between defendants and insurance companies, and (3) documents, including communications and

negotiations, relating to contracts between defendants and insurance companies to bill for emergency room services. See Docket No. 109 at pp. 3-7.

### a.  Billing Records

In its first discovery request, PRMEG requested "a list in electronic format, in a non-encrypted data form, (Excel format), of all transmission of data, that includes each and every claim for payment for services rendered at the [e]mergency [r]oom located in the Hospital Episcopal San Lucas in Ponce, including at El Tuque Emergency Room, for any and all insurance companies . . . for services rendered from September 25, 2007[,] up to and including[] May 2, 2014." (Docket No. 92-1 at p. 5.)

First, PRMEG claims that HESL, SGE, and SSE "inundated PRMEG with millions of items related to all the billing made to all insurance companies in all of the hospital departments," including billing records for services "totally unrelated to the allegations in the complaint." (Docket No. 109 at pp. 3-4.)  HESL, SGE, and SSE argue that the scope of the billing information provided complies with PRMEG's request.  (Docket No. 111 at pp. 3-5.)

PRMEG does not identify line items in the billing records to explain specifically how the records do not satisfy its discovery request.  Without that, the Court has no facts at its

disposal to conclude that the billing records produced do not comply with PRMEG's discovery request.

Second, PRMEG claims that HESL, SGE, and SSE provided HESL's billing records in PDF format when the request specified Excel format. (Docket No. 109 at pp. 3-4.) HESL, SGE, and SSE argue that the parties did not agree upon a specific file format and that the billing software permits only PDF format. (Docket No. 111 at p. 4.)

The response to a request for the production of electronically stored information "may state an objection to a requested form," and "[i]f the responding party objects to a requested form . . . the party must state the form or forms it intends to use." Fed. R. Civ. P. 34(b)(2)(D). "If the responding party fails to make a timely objection, or fails to state the reason for an objection, he may be held to have waived any or all of his objections." Marx v. Kelly, Hart & Hallman, P.C., 929 F.2d 8, 12 (1st Cir. 1991).

Here, PRMEG requested the billing records from defendants in Excel format in PRMEG's first discovery request on September 30, 2015. (Docket No. 92-1 at p. 5.) On December 23, 2015, the parties agreed that defendants would answer PRMEG's first discovery request on or before January 11, 2016. (Docket No. 92-4 at p. 1.) Defendants HESL, SGE, and SSE missed this deadline by one day. (Docket No. 92-6.) In their untimely response, HESL,

Civil No. 14-1616 (FAB)                                                    8

SGE, and SSE did not object to the Excel file format.  Id.  This is
enough to waive all future objections.  See Marx, 929 F.2d at 12;
Brenford Envtl. Sys., L.P. v. Pipeliners of P.R., Inc., 269 F.R.D.
143, 147 (D.P.R. 2010) (Arenas, C. Mag. J.) (waiving party's
objections to document requests because party failed to object
timely with specific reasons for its objections).

        Accordingly, the Court **GRANTS** PRMEG's request to
compel HESL, SGE, and SSE to produce the billing information for
services provided by PRMEG at the Hospital Episcopal San Lucas in
Ponce, including at El Tuque Emergency Room, in Excel format.  If,
for example, the billing software cannot provide the information in
Excel format, then the Court **ORDERS** HESL, SGE, and SSE to convert
the information to Excel format at their expense.  In their best
interests, the parties may want to communicate regarding the scope
of the data required.

        **b.    Settlement Agreements**

        PRMEG claims that HESL, SGE, and SSE failed to
produce documentation of settlement agreements between defendants
and insurance companies of unpaid claims for emergency room
services.  (Docket No. 109 at p. 6.)  HESL, SGE, and SSE argue that
PRMEG never requested settlement agreements between defendants and
insurance companies in an adequate discovery request.  (Docket No.
111 at pp. 5-6.)  The Court finds HESL, SGE, and SSE's argument
baseless.

In PRMEG's first discovery request, PRMEG requested "a list of all payments received by [HESL], [SSE,] and/or [SGE] as a result of all claim [*sic*] for payment for services rendered at the [e]mergency [r]oom located in the Hospital Episcopal San Lucas in Ponce, including at El Tuque Emergency Room, for any and all insurance companies." (Docket No. 92-1 at p. 6.)   This request encompasses payments made through settlement agreements. Furthermore, because a settlement agreement is a contract, PRMEG's request for "all contractual agreements between any and all insurance companies and [HESL], [SSE,] and/or [SGE] that include the form and manner in which payment for services rendered at the [e]mergency [r]oom located in the Hospital Episcopal San Lucas in Ponce" in its first discovery request, id., includes settlement agreements in its scope.   Defendants mentioned the existence of settlement documents in their deposition.   See Docket No. 114-5 ("For any settlement we will have record[s].").

Accordingly, the Court **GRANTS** PRMEG's request to compel HESL, SGE, and SSE to produce all documentation in their possession, custody, or control relating to settlement agreements between insurance companies and defendants for services performed by PRMEG at the emergency room in the Hospital Episcopal San Lucas in Ponce, including at El Tuque Emergency Room.

     **c.   Billing Contracts**

PRMEG claims that HESL, SGE, and SSE failed to produce documents related to billing contracts between defendants and insurance companies, including communications and negotiations. (Docket No. 109 at pp. 6-7.)  HESL, SGE, and SSE argue that this request was satisfied by third parties, which absolves them of their discovery obligations.  (Docket No. 111 at p. 6.)

HESL, SGE, and SSE make no citation to the Federal Rules of Civil Procedure or case law to support their argument. Rule 34 requires a party to produce documents in its "possession, custody, or control." Fed. R. Civ. P. 34(a)(1).  Courts have held that a responding party is required to produce documents in its possession, custody, or control regardless of whether the requesting party is already in possession of the requested documents.  See Med. Protective Co. v. Am. Int'l Specialty Lines Ins. Co., No. 1:13-CV-00357, 2014 WL 4979394, at *3 (N.D. Ind. Oct. 6, 2014) ("[I]t is not a proper objection to discovery to suggest that the other party already has the information or that it is available elsewhere."  (internal quotation marks and citation omitted)); Redding v. ProSight Specialty Mgmt. Co., No. 12-98-H-CCL, 2014 WL 11412743, at *2 (D. Mont. July 2, 2014) (explaining party had duty to produce requested document regardless of whether defendants already held requested document in their possession); Gomez v. Tyson Foods, Inc., No. 8:08CV21, 2012 WL 3111897, at *4

(D. Neb. July 31, 2012) ("[A] party is required to produce documents in its possession, custody, or control, regardless of whether it believes the requesting party already has those documents."); Walt Disney Co. v. DeFabiis, 168 F.R.D. 281, 284 (C.D. Cal. 1996) ("[Defendant] is required to produce documents he has in his possession, custody or control, regardless of whether he believes plaintiff already has those documents.").

The fact that third parties may have provided documents to PRMEG does not excuse defendants from producing documents in their possession, custody, or control. Accordingly, the Court **GRANTS** PRMEG's request to compel discovery regarding documents, including communications and negotiations, related to billing contracts between defendants and insurance companies.

### 2.   Monetary Transactions Between Defendants

First, PRMEG claims that HESL, SGE, and SSE have not produced "internal or external communications . . . detailing any transfer of moneys between [defendants]." (Docket No. 109 at p. 9.) HESL, SGE, and SSE argue that these communications do not exist. (Docket No. 111 at pp. 7-8.) HESL, SGE, and SSE made the same assertion in their answer to PRMEG's first discovery request. (Docket No. 92-6 at p. 3.) PRMEG does not effectively impeach HESL, SGE, and SSE's assertion because PRMEG fails to cite to the deposition transcript or other evidence to refute the claim that the requested documents do not exist. See Docket No. 109.

Accordingly, the Court **DENIES** PRMEG's request to compel defendants HESL, SGE, and SSE to produce "internal or external communications . . . detailing any transfer of moneys between [defendants]," (Docket No. 109 at p. 9). If these communications do exist and are in HESL, SGE, or SSE's possession, custody, or control, those parties have the duty to supplement or correct their previous response. <u>See</u> Fed. R. Civ. P. 26(e)(1)(A).

Second, PRMEG claims that HESL, SGE, and SSE have not produced "documentary evidence of intercompany transactions between [IEP] and [the other] corporate defendants . . . includ[ing] bank documents as well as internal memoranda." (Docket No. 109 at p. 9.) HESL, SGE, and SSE argue that PRMEG never requested these documents. (Docket No. 111 at pp. 7-8.) In PRMEG's first discovery request, however, it requested "all intercompany transactions between [IEP] and any of the other corporate defendants." (Docket No. 92-1 at pp. 11.) The Court is not concerned with finding the exact word-for-word match like HESL, SGE, and SSE seem to be. PRMEG provides an excerpt from defendants' deposition identifying the existence of a "general ledger" that defendants did not previously produce. <u>See</u> Docket No. 114-10 ("[E]very general ledger has the transactions . . . ."). Accordingly, the Court **GRANTS** PRMEG's request to compel discovery of all documentary evidence of intercompany transactions between IEP and the corporate defendants, including bank documents and

internal memoranda used to prepare and authorize each financial transaction.

## B.   Depositions

Federal Rule of Civil Procedure 30(b)(6) ("Rule 30(b)(6)") allows a party to request a deposition from an organization.  Fed. R. Civ. P. 30(b)(6).  In so doing, a party "must describe with reasonable particularity the matters for examination."  <u>Id.</u>  "The named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf; and it may set out the matters on which each person designated will testify."  <u>Id.</u>  "The persons designated must testify about information known or reasonably available to the organization."  <u>Id.</u>

Rule 30(b)(6) requires the persons representing an organization to discuss items beyond their personal knowledge, and the persons designated may need to prepare using documents, additional employees, and other resources.  See <u>Trs. of Bos. Univ. v. Everlight Elecs. Co.</u>, Nos. 12-CV-11935-PBS, 12-CV-12326-PBS, 12-CV-12330-PBS, 2014 WL 5786492, at *3 (D. Mass. Sept. 24, 2014); <u>Philbrick v. eNom, Inc.</u>, 593 F. Supp. 2d 352, 363 (D.N.H. 2009); <u>Briddel v. Saint Gobain Abrasives Inc.</u>, 233 F.R.D. 57, 60 (D. Mass. 2005).  "Although adequately preparing a Rule 30(b)(6) deposition can be burdensome, this is merely the result of the concomitant obligation from the privilege of being able to use the corporate

form in order to conduct business." Thomas & Betts Corp. v. New Albertson's, Inc., No. 10-11947-DPW, 2013 WL 11331377, at *3 (D. Mass. July 11, 2013) (internal quotation marks and citations omitted).

Before the Court are (1) issues raised by PRMEG in its renewed motion to compel discovery regarding the adequacy of HESL, SGE, SSE, and SLMH's deposition, (Docket No. 109 at pp. 9-11), and (2) defendants' motion for a protective order quashing deposition topics, (Docket No. 94).

## 1.   PRMEG's Renewed Motion to Compel Discovery

PRMEG claims that HESL, SGE, and SSE failed to produce a representative to testify about two topics: "[t]he business and daily operations of [HESL, SGE, SSE,] and [SLMH], from 2005 through 2010" and "[a]ny and all intercompany transactions between [IEP, HESL, SGE, SSE, and SLMH] from 2005 through 2015." (Docket No. 109 at p. 11.)  In addition, PRMEG claims that SLMH failed to produce required documents at its deposition.  Id.

### a.   HESL, SGE, and SSE

The deposition transcript suggests a lack of preparation on the part of defendants' deponents.  PRMEG asked the deponent designated to testify about intercompany transactions, "[w]hat's the amount, currently owed, by related parties, to [SSE]? More or less.  More than [twenty million dollars]? Less that [*sic*] [twenty million dollars]?"  (Docket No. 114-7.)  The deponent

answered, "I don't remember." Id. PRMEG also asked the deponent
if there was an expectation that the debts between defendants would
be paid, to which the deponent answered, "I don't know really" and
that his responsibility is limited to confirming the total debt
balance but not individual transactions between defendants.
See Docket No. 114-8. Defendants' second deponent limited his
answers to the date he started working for defendants, see Docket
No. 114-12 at p. 1 ("I can only speak from 2010 on."), and met with
no one other than his attorneys to prepare for the deposition,
(Docket No. 114-13 at p. 1). These excerpts of the deposition
support PRMEG's claim that defendants' deponents could not "testify
about information known or reasonably available to the
organization," Fed. R. Civ. P. 30(b)(6). HESL, SGE, and SSE made
no argument regarding the adequacy of their deponents and instead
focused on PRMEG's lack of citation to the deposition transcript,
see Docket No. 111 at pp. 8-9, which PRMEG rectified in its reply,
(Docket No. 114). Accordingly, the Court **GRANTS** PRMEG's request to
compel further discovery through deposition of HESL, SGE, and SSE
on the two topics listed in PRMEG's renewed motion to compel
discovery, (Docket No. 109 at p. 11).

      **b.**   **SLMH**

      PRMEG requested documents from SLMH in its notice of
deposition pursuant to Rule 34, see Docket No. 109-1, which only
applies to parties, see Fed. R. Civ. P. 34(a). SLMH is not a party

to this litigation.  Therefore, the Court **DENIES** PRMEG's request to compel discovery from SLMH.  The Court advises PRMEG to pursue a subpoena through Federal Rule of Civil Procedure 45 if PRMEG requires documents from a non-party.

With this Order concerning SLMH, the Court cautions all defendants.[3]  If defendants have possession, custody, or control of documents held by SLMH and those documents have previously been requested by PRMEG, this part of the Court's Opinion and Order will not protect defendants from sanctions for failure to produce those documents.

## 2.  Defendants' Motion for a Protective Order

Rule 26 provides that "[a] party or any person from whom discovery is sought may move for a protective order." Fed. R. Civ. P. 26(c)(1).  "The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ." Id.  "[T]he party seeking a protective order has the burden of showing that good cause exists for issuance of that order." Pub. Citizen v. Liggett

---

[3] PRMEG explains the intertwined relationship between defendants and SLMH in its various motions.  See Docket Nos. 99 at p. 3 ("[SLMH] is controlled by [IEP] and has the same Board of Directors as [HESL, SGE, and SSE]."); 109 at p. 4 ("[SLMH is] the corporate successor [to [HESL].)"; 114 at p. 2 ("It is undisputed in this case that [SLMH] is controlled by [IEP].  It is also undisputed that Mr. Colon [defendants' deponent] not only is the CEO for [SSE], but also for, [SLMH].")  Although defendants do not argue otherwise, PRMEG does not cite to evidence or stipulated facts to support these claims.

Grp., Inc., 858 F.2d 775, 789 (1st Cir. 1988) (quoting In re Agent Orange Prod. Liab. Litig., 821 F.2d 139, 145 (2d Cir. 1987)). "A finding of good cause must be based on a particular factual demonstration of potential harm, not on conclusory statements." Anderson v. Cryovac, Inc., 805 F.2d 1, 7 (1st Cir. 1986); see Pansy v. Borough of Stroudsburg, 23 F.3d 772, 786 (3d Cir. 1994) ("Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not support a good cause showing." (internal quotation marks and citations omitted)); McLeod, Alexander, Powel & Apffel, P.C. v. Quarles, 894 F.2d 1482, 1485 (5th Cir. 1990) (holding that conclusory statements that production requests were "overly broad, burdensome, and oppressive" are not sufficient objections or grounds for a protective order); Metcalf v. Bay Ferries Ltd., No. 12-40075-TSH, 2014 WL 3670786, at *4 (D. Mass. July 21, 2014) (denying request for a protective order to limit scope of deposition because movant provided only "thin argument" that document review would be unduly burdensome without providing information "regarding the volume of documents, or the location of documents, etc., that would warrant a determination" of hardship).

       Defendants moved for a protective order after receiving PRMEG's notice of deposition topics. (Docket No. 94.)  In that motion, defendants requested that the Court quash the two

deposition topics that PRMEG later moved to compel its in renewed motion.  Id. at p. 5; see Docket No. 109 at p. 11.

Defendants do not meet their burden of establishing good cause for a protective order.  First, defendants attempt to justify the grant of a protective order on the basis that the deposition topics "are simply too ambiguous or overbroad and [do] not permit [defendants] to determine the identity and number of persons required to provide answers." (Docket No. 94 at p. 4.)  This argument is a conclusory statement devoid of substantiation through facts or any attempt at explanation and, therefore, does not establish good cause for a protective order.

Second, defendants claim that the deposition topics will require the deponent to "review the minutiae contained in documents dating as far as [August 2007] and . . . the health insurance claims of an [e]mergency [r]oom which had thousands of visits monthly." (Docket No. 94 at pp. 4-5.)  A party can move for a protective order to prevent undue burdens, see Fed. R. Civ. P. 26(c)(1), but this statement provides no facts describing how reviewing past documents, and even the "minutiae" in them, creates an undue burden for defendants.  "It is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work, create the ossature for the argument, and put flesh on its bones." United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990).  Without the specificity required for a finding

of good cause, the Court cannot grant a protective order. Accordingly, the Court **DENIES** defendants' motion for a protective order, (Docket No. 94).

### III.   CONCLUSION

For the reasons discussed above, the Court **GRANTS IN PART** and **DENIES IN PART** PRMEG's renewed motion to compel discovery, (Docket No. 109), and **DENIES** defendants' motion for a protective order, (Docket No. 94). The Court **ORDERS** defendants HESL, SGE, and SSE to:

1. Provide to PRMEG in Excel format every claim for payment of services rendered by PRMEG at the emergency room located in the Hospital Episcopal San Lucas in Ponce, including the El Tuque Emergency Room, made to insurance companies between September 25, 2007, and May 2, 2014.

2. Provide to PRMEG all documentation relating to settlement agreements between all defendants and insurance companies for services provided by PRMEG in the Hospital Episcopal San Lucas in Ponce, including the El Tuque Emergency Room.

3. Provide to PRMEG all documents, including communications and negotiations, relating to contracts between defendants and insurance companies.

4. Provide to PRMEG all documentary evidence of intercompany transactions between IEP, HESL, SGE, and SSE, including bank documents and internal memoranda used to prepare and authorize each financial intercompany transaction.

5. Produce representatives for deposition that can testify to matters known or reasonably available to defendants' organizations on the following topics:

   a. The business and daily operations of IEP, HESL, SGE, and SSE from 2005 through 2010.

     b.   Intercompany transactions between IEP, HESL, SGE, and SSE from 2005 through 2015.

The Court **GRANTS** PRMEG leave to conduct additional depositions with all defendants on the these two topics.  The Court **ORDERS** defendants HESL, SGE, and SSE to comply with this Order **by August 12, 2016,** or be subject to the sanctions available to the Court pursuant to Federal Rule of Civil Procedure 37(b)(2)(A)(i)-(vii).  The Court **EXTENDS** the discovery period until **August 26, 2016.**

    **IT IS SO ORDERED.**

San Juan, Puerto Rico, July 26, 2016.


                                s/ Francisco A. Besosa
                                FRANCISCO A. BESOSA
                                UNITED STATES DISTRICT JUDGE