IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| PUERTO RICO MEDICAL EMERGENCY GROUP, INC.,<br><br>**Plaintiff**,<br><br>v.<br><br>IGLESIA EPISCOPAL PUERTORRIQUEÑA, INC., *et al.*,<br><br>**Defendants**. | **Civil No**. 14-1616 (FAB) |

**MEMORANDUM AND ORDER**[1]

BESOSA, District Judge.

Before the Court is a request for the modification of the scheduling order filed by Hospital Episcopal San Lucas, Inc., Iglesia Puertorriqueña, Inc., Servicios Generales Episcopales, Inc., and Servicios de Salud Episcopales, Inc. (collectively "defendants"). (Docket No. 123.) Plaintiff Puerto Rico Medical Emergency Group, Inc. ("PRMEG") opposes and moves for the imposition of sanctions. (Docket No. 127.)

Also before the Court is a related informative motion filed by defendants, (Docket No. 124), PRMEG's response, (Docket No. 105), and defendants' second informative motion, (Docket No. 129.)

For the reasons that follow, the Court **DENIES** defendants' motion for an extension of the discovery period, (Docket No. 123), and **GRANTS** PRMEG's request for sanctions, (Docket No. 127.)

---

[1] Natalia Vilá-Palacios, a second-year student at the University of Puerto Rico School of Law, assisted in the preparation of this Memorandum and Order.

## I.  BACKGROUND

On December 1, 2014, the Court entered a Case Management Order which required the parties to complete discovery by November 9, 2015.  (Docket No. 18.)  Following this order, the discovery deadline was extended on two occasions.  PRMEG first requested an extension on November 6, 2015.  (Docket No. 86.)  Despite opposition from defendants, Docket No. 89, the Court granted a 120 day extension and a delay of the discovery period until March 8, 2016.  (Docket No. 90.)

On February 9, 2016, PRMEG filed a motion to compel discovery due to defendants' failure to comply with written discovery requests and to produce representatives of the defendants' organizations for examination.  (Docket No. 92.)  Consequently, on March 6, 2016 PRMEG filed its second motion to request an extension of the discovery period due to defendants' noncompliance with discovery requests.  (Docket No. 104.)  This time, defendants consented to the requested extension.  Id.  On July 26, 2016, the Court ordered defendants to produce PRMEG's discovery requests by August 12, 2016, or face sanctions pursuant to Federal Rule of Civil Procedure 37(b)(2)(A)(i)-(vii); it also extended the discovery period until August 26, 2016.  (Docket No. 121.)

On July 30, 2016, PRMEG requested that defendants provide a list of the designated persons, and their areas of knowledge, who would represent the defendants' organizations in the court-ordered depositions.  (Docket No. 127-1, Exhibit 1.)  When defendants did

Civil No. 14-1616 (FAB)                                                3

not respond to this communication, PRMEG asked for a Federal Rule of Procedure 26(f)(1) conference between the parties.  Id. at Exhibit 2.  During this conference, which took place via telephone, the parties agreed to schedule the deposition for August 24, 2016.  Id. at Exhibit 3.

On August 12, 2016 - the deadline set by the Court for defendants' compliance with PRMEG's discovery requests - defendants requested an extension of five days to upload the requested discovery documents.  (Docket No. 123-1.)  Defendants also asked to amend the Initial Conference Memorandum by extending the discovery period 120 days "in order to complete pending depositions and the opportunity of new depositions pursuant to the information obtained through the documents being provided."  Id.  PRMEG made no objection to the five day extension, but asked defendants for a list of those newly identified persons and the matters on which those individuals were knowledgeable in order to evaluate their request for extension.  Id.

On August 18, 2016, PRMEG once again requested that the defendants provide the names and areas of expertise of the witnesses that it planned to depose at the deposition scheduled for August 24, 2016.  (Docket No. 123-4.)  Defendants replied that they would provide the organizations' designees as soon as they knew their names and asked PRMEG to hire an interpreter for the deposition.  Id.  On that same day, PRMEG notified defendants that an interpreter had been retained and asked, for a third time, that

Civil No. 14-1616 (FAB)                                                              4

defendants provide the names and areas of knowledge of the designees for the deposition.  Id.

One day before the agreed upon deposition, defendants notified PRMEG that they were not able to designate appropriate representatives for their organizations and, thus, requested a continuance to comply with the court-ordered deposition.  (Docket No. 123-5.)  PRMEG rejected defendants' request and confirmed the agreed upon deposition date.  Id.  Early on August 24, 2016, defendants informed PRMEG that no witness would appear at the scheduled deposition.  (Docket No. 127-1, Exhibit 10.)  Consequently, PRMEG was forced to pay a cancellation fee to the interpreter and an appearance fee to the reporter.  (Docket No. 127 at p. 4.)

On August 25, 2016 defendants moved for an extension of the discovery period.  (Docket No. 123.)  PRMEG opposed and requested the imposition of sanctions.  (Docket No. 127.)

## II.  DISCUSSION

Defendants argue that there is good cause for an extension of the discovery period because, despite their due diligence, it would have been impossible to complete discovery by August 24, 2016. (Docket No. 123 at p. 9.)  Defendants also claim that they are entitled to an extension because, when producing the written documentation requested by PRMEG, they became aware of new individuals with potential areas of knowledge that they were interested in deposing.  Id. at p. 10.

Civil No. 14-1616 (FAB)                                                  5

PRMEG counters that defendants are not entitled to the extension because they have acted obstinately by failing to comply with the Court's Order at Docket No. 121 to produce the required witnesses for pending depositions.[2] (Docket No. 127 at pp. 4-5.) Furthermore, PRMEG moves the Court to impose sanctions on defendants for its non-compliance with the discovery order. (Docket No. 127 at pp. 5-7.)  Specifically, PRMEG asks for the elimination of defendants answers to the complaint and the issuance of a notice of default.  Id.

**A.   Modification of the Discovery Schedule**

    **1.   Standard**

Federal Rule of Civil Procedure 16(b)(4) ("Rule 16(b)") states that "[a] schedule may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  This stringent "good cause" standard requires "showing that the deadline cannot be reasonably met despite the diligence of the party seeking the extension." O'Connell v. Hyatt Hotels of Puerto Rico, 357 F.3d 152, 154 (1st Cir. 2004) (internal citations omitted).  Other factors, such as prejudice to the opposing party, may be considered by the Court, but the "dominant criteria" is the diligence of the party seeking the extension.  Comité Fiestas de la Calle San Sebastian, Inc. v. Cruz, 314 F.R.D. 23, 25 (D.P.R. 2016) (Besosa, J.) (citing O'Connell).  When evaluating if there is good cause for

---

[2] The Court's ruling at Docket No. 121 also ordered defendants to produce a series of written documents.  PRMEG is still evaluating whether the documents produced by defendants comply with its discovery requests.

Civil No. 14-1616 (FAB)                                                6

a modification of the discovery schedule, the court's inquiry should end if the moving party was not diligent during the discovery process. See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992).

**2. Analysis**

On July 26, 2016, the Court ordered defendants to produce representatives for their organizations' depositions. (Docket No. 121 at pp. 19-20.) Accordingly, the parties agreed to schedule these depositions for August 24, 2016 (Docket No. 127-1, Exhibit 3.) Defendants, thus, had one month to identify the appropriate individuals to represent their organizations. During this month, defendants gave no warning about their inability to identify these representatives. In fact, six days before the agreed upon date, defendants asked PRMEG to hire an interpreter for the depositions, (Docket No. 123-4), which PRMEG diligently did. Nevertheless, it was not until the day before the scheduled deposition that defendants notified PRMEG that they were unable to produce appropriate representatives for their organizations and requested a continuance. (Docket No. 123-5.) Asking PRMEG to retain an interpreter only to cancel the court-ordered deposition one day before the agreed upon date does not reflect the level of due diligence required by Rule 16(b)'s "good cause" standard.

Defendants also argue that there is "good cause" to extend the discovery period because, in the process of producing the written documentation requested by PRMEG pursuant to the order

Civil No. 14-1616 (FAB)                                              7

at Docket No. 121, they became aware of new individuals with potential knowledge.  (Docket No. 123 at p. 10.)  Pursuant to Federal Rule of Civil Procedure 26(a)(1)(A)(i) ("Rule 26(a)"), however, defendants were obligated to identify individuals who are "likely to have discoverable information" during initial disclosures, prior to the discovery period.  Fed. R. Civ. P. 26(a)(1)(A)(i).  The Case Management Order of this case provides that initial disclosures must be "based on the information then reasonably available" to the party, who is not excused from producing these disclosures simply "because it has not fully completed its investigation of the case."  (Docket No. 18 at pp. 7-8.)  Because defendants' own documentation was reasonably available to them prior to the discovery period, and because the new individuals were discovered through review of this documentation, defendants had an obligation to identify them in its initial disclosures pursuant to Rule 26(a).

While courts have allowed late disclosures due to the emergence of new evidence, that is not the case here.  See Diaz García v. Surillo-Ruiz, 98 F.Supp. 3d 396, 402 (D.P.R. 2015) (Besosa, J.) (finding that the emergence of new evidence justifies the untimely disclosure of witnesses with relevant information).  In this case, defendants did not encounter new evidence that would justify their untimely identification of potential witnesses; rather, they became aware of those new individuals when reviewing their own documentation.  Defendants' failure to investigate their

Civil No. 14-1616 (FAB)                                                8

case diligently and to identify these individuals with potential knowledge effectively prior to the discovery period does not satisfy Rule 16(b)'s "good cause" standard.

In a final attempt to show that there are grounds to extend the discovery period, defendants urge the Court to consider additional factors other than diligence, such as the fact that they have not "unduly delayed the instant action" and that PRMEG would not be "unduly prejudiced by the modification." (Docket No. 123.) Defendants, however, have waived these "avenue[s] of relief" by failing to act diligently in the discovery process. O'Connell 357 F.3d at 155. Because the moving party was not diligent, the inquiry regarding an extension of the discovery period must end. Mammoth Recreations, 975 F.2d at 609.

Because defendants have failed to prove that they exercised the level of due diligence necessary to satisfy Rule 16(b)'s "good cause" standard, the Court **DENIES** their motion for modification of the scheduling order.

**B.  Imposition of Sanctions for the Failure to Comply with a Discovery Court Order**

   **1.  Standard**

Federal Rule of Civil Procedure 37(b) ("Rule 37(b)") allows courts to sanction a party for disobeying a discovery order. Fed. R. Civ. P. 37(b). If a party fails to obey a discovery order, courts may issue any of the following sanctions: "(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing

Civil No. 14-1616 (FAB)                                                9

party claims, (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence, (iii) striking pleadings in whole or in part, (iv) staying further proceedings until the order is obeyed, (v) dismissing the action or proceeding in whole or in part, (vi) rendering a default judgment against the disobedient party, or (vii) treating as contempt of court the failure to obey any order." Fed. R. Civ. P. 37(b)(2)(A)(i)-(vii). Regardless of whether the Court ultimately imposes one or more of these sanctions, it must order the disobedient party to pay the reasonable expenses caused by its noncompliance, unless that noncompliance was "substantially justified." Fed. R. Civ. P. 37(b)(2)(C).

When assessing the appropriateness of a discovery sanction, courts must evaluate the totality of the circumstances. Mulero-Abreu v. Puerto Rico, 675 F.3d 88, 93 (1st Cir. 2012). This inquiry is "not a mechanical one" and varies from case to case. Benítez-García v. González-Vega, 468 F.3d 1, 5 (1st Cir. 2006). Some of the factors to consider are the: (1) severity of the violation, (2) legitimacy of the party's excuse, (3) repetition of violations, (4) deliberateness *vel non* of the misconduct, (5) mitigating excuses, (6) prejudice to the other side and to the operations of the court, and (7) adequacy of lesser sanctions. See Id. (citing Robson v. Hallenbeck, 81 F.3d 1, 2-3 (1st Cir. 1996).

## 2. Analysis

On July 26, 2016, the Court ordered the defendants to identify appropriate representatives for pending depositions (Docket No. 121 at pp. 19-20.) Nevertheless, one day before the agreed upon deposition date, defendants notified PRMEG that they were unable to produce these representatives and that no witness would arrive at the deposition. (Docket No. 123-5.) Consequently, PRMEG was forced to pay a cancellation fee to the interpreter and an appearance fee to the reporter. (Docket No. 127 at p. 4.) In light of these events, the Court concludes that defendants failed to comply with its discovery order and is, thus, subject to sanctions pursuant to Rule 37(b).[3] The question that remains is which among Rule 37(b)'s sanctions is appropriate to impose in this case.[4]

---

[3] Defendants were warned about the possibility of sanctions on numerous occasions, including the Case Management Order, Docket No. 18 at pp. 7-8, and the Court's last Opinion and Order, Docket No. 121 at p. 20.

[4] PRMEG requests the elimination of the defendants' answers to the complaint and the issuance of a default judgment. Default judgments, however, have been described as a "drastic sanction" that must be carefully evaluated. Taveras v. Municipality of Carolina, 647 F.3d 1, 7 (1st Cir. 2009) (internal citations omitted). "Because default judgment is 'contrary to the goals of resolving cases on the merits and avoiding harsh or unfair results,' a district court must 'balance these competing considerations before entering default.'" Hawke Capital Partners LP v. Aeromed Services Corp., 300 F.R.D. 52, 56 (D.P.R. 2014)(Casellas, J.)(citing Companion Health Services, Inc. v. Kurtz, 675 F.3d 75, 84 (1st Cir. 2012)). Given the facts before it, a default judgment is not appropriate at this time. Nevertheless, an order of default may become necessary if the defendants continue their noncompliance with the Court's directives.

Civil No. 14-1616 (FAB)                                              11

In Freira Trading Co.v. Maizoro S.A. de C.V., 187 F.R.D. 47, 49 (D.P.R. 1999) (Pieras, J.), a party unilaterally canceled, without a reasonable excuse, court-ordered depositions that were scheduled one and a half months before the agreed upon date. Holding that additional monetary sanctions were an effective remedy to punish the disobeying party's misconduct and to "deter future violations", the court ordered the payment of the costs, fees and expenses related to the canceled deposition in addition to a $500 sanction for the party's failure to appear at the deposition. Id. at 50.

Here, the facts are similar to those present in Freira Trading Co. Defendants were ordered to produce representatives for a deposition, but they failed to do so without providing a reasonable excuse, thereby causing PRMEG to incur cancellation fees and a delay in the Court's proceedings (Docket No. 127 at p. 4.) Given these appreciable similarities, the Court finds that the sanctions imposed in Freira Trading Co. are also appropriate for this case.  Therefore, the Court **SANCTIONS** the defendants in the amount of $500.00 to be paid to the Court, and **ORDERS** the defendants to pay the costs, fees and expenses incurred by PRMEG as a result of the canceled deposition.

### III.  CONCLUSION

For the reasons discussed above, the Court **DENIES** defendants' motion for an extension of the discovery period, (Docket No. 123), and **GRANTS** PRMEG's request for sanctions, (Docket No. 127.)

Civil No. 14-1616 (FAB)                                              12

The Court **ORDERS** the defendants to:

1. Comply with Docket No. 121 **by November 1, 2016,** and produce the organizations' representatives for pending depositions, or be subject to harsher sanctions pursuant to Federal Rule of Civil Procedure 37(b)(2)(A)(i)-(vii).

2. Pay the costs, fees and expenses of PRMEG resulting from the canceled deposition.  PRMEG **SHALL** submit a memorandum of these costs **no later than November 1, 2016.**

The Court **SANCTIONS** the defendants in the amount of $500.00 to be paid to the Court **not later than November 1, 2016.** In addition, the parties **SHALL** meet and provide for the Court's consideration a proposed schedule leading up and including a trial date.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, October 18, 2016.

                                        s/ Francisco A. Besosa
                                        FRANCISCO A. BESOSA
                                        UNITED STATES DISTRICT JUDGE