# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| PUERTO RICO MEDICAL EMERGENCY GROUP, INC., <br><br> **Plaintiff,** <br><br> v. <br><br> IGLESIA EPISCOPAL PUERTORRIQUEÑA, INC., *et al.*, <br><br> **Defendants.** | Civil No. 14-1616 (FAB) |

**OPINION AND ORDER**

BESOSA, District Judge.

Before the Court is plaintiff Puerto Rico Medical Emergency Group, Inc. ("PRMEG")'s motion for a final scheduling order. (Docket No. 236.) Defendants Iglesia Episcopal Puertorriqueña, Inc. ("IEP"), Servicios de Salud Espiscopales, Inc. ("Servicios de Salud"), Servicios Generales Episcopales, Inc. ("Servicios Generales"), and Saint Luke's Memorial Hospital, Inc. ("Saint Lukes") (collectively "defendants") also request a final scheduling order. (Docket No. 247.) For the reasons set forth below, the Court **ORDERS** the parties to provide a summary of completed discovery, namely: (1) a general overview of all disclosed documents, (2) outstanding discovery requests, (3) the reasons for failing to fulfill outstanding requests, (4) all depositions completed as of the date of this order, (5) the parties in attendance during all past depositions, and (6) requested

depositions that remain outstanding. With regard to Saint Lukes, the most recently named defendant in this case, the Court **ORDERS** Saint Lukes and PRMEG to specify the extent of Saint Lukes' participation in discovery as a non-party prior to August 4, 2017, the date in which PREMG filed the third amended complaint. (Docket No. 206.) Lastly, the Court **ORDERS** the parties to submit proposed case management orders containing specific deadlines for discovery, dispositive motions, pretrial orders, *voir dire* questions, jury instructions, pretrial conference, and trial. The parties' respective motions for a final scheduling order are held in abeyance. (Docket Nos. 246 & 247.)

**I.   Background**

This case commenced on August 11, 2014, when PREMG first alleged that IEP, Servicios de Salud, Servicios Generales, and Hospital Episcopal San Lucas, Inc. violated the Racketeer Influenced and Corrupt Organization Act, 18 U.S.C. sections 1962(b) & (c) ("section 1962(b)" and "section 1962(c)").[1] (Docket

---

[1] The Court has diligently adjudicated all motions submitted by the parties as evidenced by the seven opinions issued in this case. See Docket Nos. 49 (memorandum and order denying without prejudice PRMEG's motion to file a second amended complaint), 50 (opinion and order granting in part and denying in part defendants' motion to dismiss), 117 (opinion and order denying defendants' motion to dismiss the second amended complaint), 121 (opinion and order granting in part and denying in part PRMEG's motion to compel discovery), 131 (memorandum and order denying motion for extension of discovery and granting motion for sanctions), 192 (order to show cause as to whether Saint Lukes Memorial Hospital, Inc. is not already a party in this case), & 201 (opinion and order denying motion to dismiss and granting PRMEG leave to file a third amended complaint).

No. 1.) Additionally, PRMEG set forth six causes of action invoking this Court's supplemental jurisdiction. Id. at pp. 25-33; See 28 U.S.C. § 1367. After the Court dismissed the section 1962(b) cause of action with prejudice, PREMG filed a second amended complaint.[2]  See Docket Nos. 50 & 69.

Defendants challenged the second amended complaint pursuant to Federal Rule of Civil Procedure 19 because, according to defendants, PRMEG failed to join an indispensable party in this action. (Docket Nos. 69 & 146.) The Court granted PREMG leave to file a third amended complaint to include Saint Lukes, an indispensable party and signatory to the contract forming the basis of this controversy. (Docket No. 192.) Subsequently, PRMEG filed the third amended complaint, naming IEP, Servicios de Salud, Servicios Generales and Saint Lukes as defendants. (Docket No. 206.)

Litigation serving only to prolong the disposition of this case is unacceptable. Following contentious ligation, repeated

---

[2] The remaining causes of action set forth by PMREG are the: (1) section 1962(c) claim against IEP as set forth in the first cause of action, (2) breach of contract claim against Saint Lukes as set forth in the second cause of action, (3) breach of implied covenant of good faith claim against Saint Lukes as set forth in the third cause of action, (4) contractual fraud claim against Saint Lukes as set forth in the fourth cause of action, (5) declaratory judgment claim as set forth in the sixth cause of action, and (6) tortious interference, bad faith and use of confidential information as to all defendants pursuant to the seventh cause of action. (Docket No. 206.) Saint Lukes counterclaimed against PRMEG, setting forth four breach of contract claims and two declaratory judgment claims. (Docket No. 220 at pp. 53—58.)

extensions to conclude discovery, the failure to name an indispensable party, sanctions for failure to comply with the Court's discovery order, and three amended complaints, this matter is quickly approaching its fourth year on the Court's civil docket.[3]  This matter will either advance to trial or settle in the absence of dilatory motion practice.

## II. The Court Possesses Broad Discretion in Issuing Case Management Orders

Courts possess "formidable case-management authority." Rosario-Diaz v. González, 140 F.3d 312, 315 (1st Cir. 1998).  "In an era of burgeoning caseloads and thronged dockets, effective case management has become an essential tool for handling civil litigation."  Cortés-Rivera v. Dep't. of Corr. & Rehab. of P.R., 617 F. Supp. 2d 7, 21 (D.P.R. 2009) (Besosa, J.) (quoting Tower Ventures, Inc. V. City of Westfield, 296 F.3d 43 at 45 (1st Cir. 2002)).  The Federal Rules of Civil Procedure grant courts considerable authority to enforce case-management orders. Id.

---

[3] The parties have received ample opportunity to litigate this case, obtaining permission to file amended complaints on multiple occasions. See Docket Nos. 15 (request for extension of time granted, 20 (amended complaint), 33 (motion for extension of time granted), 38 (motion for extension of time granted), 42 (motion for extension of time granted), 68 (motion for extension of time granted), 69 (second amended complaint), 78 (motion to continue granted), 82 (motion to continue granted), 88 (motion for extension of time granted), 90 (motion for extension of time granted), 107 (order continuing pretrial conference and trial), 108 (motion for extension of time granted), 152 (motion for extension of time granted), 200 (extension of time granted), 1205 (order adopting report and recommendation awarding attorney's fees), 206 (third amended complaint), 210 (extension of time granted), 216 (motion for extension of time granted), & 219 (motion for extension of time granted).

(citing Fed. R. Civ. P. 16(f); see Tower Ventures, Inc., 296 F.3d at 46 ("To manage a crowded calendar efficiently and effectively, a trial court must take an active role in case management. Scheduling orders are essential tools in that process-and a party's disregard of such orders robs them of their utility"). Failure to comply with the case management order may result in dismissal of this action. See Mulero-Abreu v. P.R. Police Dep't, Case No. 09-1652 (FAB), 2011 U.S. Dist. LEXIS 28535 (D.P.R. Mar. 17, 2011) (Besosa, J.) (dismissing action with prejudice because plaintiffs repeatedly flouted discovery deadlines), aff'd 675 F.3d 88 (1st. Cir. 2012) (Dismissal of this case "illustrates the folly of treating case-management orders as polite suggestions rather than firm directives").

**III. PRMEG and Defendants' Respective Requests for a Final Scheduling Order**

The parties are at an impasse regarding the progression of this case. The Court ordered the parties to tender a proposed case management order.[4] (Docket No. 236.) PRMEG and defendants did so, each submitting individual proposals. (Docket Nos. 246 & 247.)

---

[4] Federal Rule of Civil Procedure 16 requires this Court to "issue the scheduling order as soon as practicable," which "may be modified only for good cause and with the judge's consent." F.R. Civ. P. 16(b)(2)—(4).

PREMG suggests that this Court should: (1) impose a discovery period extending no more than 90 days, (2) limit discovery to the allegations set forth in the counterclaim, (3) deny requests for duplicative depositions, (4) allow no more than ten additional depositions, (5) adopt an expedited timeframe for dispositive motions, and (6) set the pretrial conference and trial "for Spring 2018." (Docket No. 246 at pp. 11 & 12.)

Defendants collectively request that the Court: (1) order PRMEG to serve initial disclosures to Saint Lukes pursuant to Federal Rule of Civil Procedure 26(a) ("Rule 26(a)"),[5] (2) order the parties to exchange written discovery by January 23, 2018, (3) allot the parties 28 days after the discovery deadline to answer the complaint and counterclaim,[6] (4) allow defendants to conduct 1 two-day deposition pursuant to Federal Rule of Civil Procedure 20, 1 expert deposition, and 5 fact witness depositions,

---

[5] Federal Rule of civil Procedure 26(a) provides that "[a] party must make the initial disclosures at or within 14 days after the parties' Rule 26(f) conference unless a different time is set by stipulation or court order, or unless a party objects during the conference that initial disclosures are not appropriate in this action." F. R. Civ. P. 26(a)(1)(C). The parties conducted the Rule 26(f) conference on November 8, 2017. (Docket Nos. 235 & 237.) Because the Court has not altered Rule 26(a) timeframe, the initial disclosures were due on November 22, 2017. Based on defendants' motion requesting the initial disclosures by December 29, 2017, the Court deems that the initial disclosures from PREMG are outstanding. The Court reserves judgment regarding defendants' request for initial disclosures until the parties comply with this order.

[6] This request is moot. Saint Lukes answered the third amended complaint. (Docket No. 220.) The remaining defendants answered in a separate pleading the third amended complaint. (Docket No. 222.) PRMEG answered the counterclaim. (Docket No. 226.)

(5) set a July 31, 2018 discovery deadline, (6) order that dispositive motions be filed no later than September 21, 2018, and (7) establish a September 28, 2018 deadline for proposed joint pretrial orders, *voir dire* questions, and jury instructions. (Docket No. 247 at pp. 30, 31.)  Defendants further request that the trial date be set sometime after September 28, 2018.  Id. Defendants make no distinction between the recently named defendant, Saint Lukes, and defendants present in this litigation since 2014, including IEP, Servicios Salud, and Servicios Generales.  Cumulatively, defendants request 28 additional depositions (four depositions pursuant to Federal Rule of Civil Procedure 30, four expert witness depositions, and 20 fact witness depositions).  Id.

**IV.  Due Process for Recently Named Defendant Saint Lukes**

Federal Rule of Civil Procedure 1, calling for the "just, speedy and inexpensive determination of every action", is the guiding principle informing the Court's issuance of a scheduling order. Fed. R. Civ. P. 1.  While defendants move for a scheduling order that preserves Saint Lukes' due process rights, PRMEG seeks an expedited scheduling order that avoids undue delay and duplicative discovery.  (Docket No. 247 at p. 15; Docket No. 246.) The Court will approve a scheduling order that accounts for both considerations.

### A. Recently Named Defendant Saint Lukes is Entitled to Conduct Discovery

Undisputedly, parties named as litigants in existing actions are entitled to be heard, to conduct discovery, and to present a defense within the confines of the Federal Rules of Civil Procedure. See Nelson v. Adams, 529 U.S. 460 (2000) (holding that due process necessitates that new parties be afforded an opportunity to respond and contest liability); Sims v. Fla. Dep't of Highway Safety & Motor Vehicles, 862 F.2d 1449, 1470 (11th Cir. 1989) ("due process requires that the new party be served with process and provided an opportunity to be heard"). With the addition of Saint Lukes to this litigation, the Court is cognizant that modifications to the prior scheduling order are inevitable.[7]

Granted, PRMEG recently named Saint Lukes as a defendant. Saint Lukes, however, is no stranger to this case. PRMEG first referred to Saint Lukes on May 18, 2016 in the context of a discovery dispute, claiming that Saint Lukes was "part and parcel of the RICO Enterprise Defendants." (Docket No. 114 at

---

[7] Courts routinely extend discovery to account for newly added litigants. See Iron Workers' Local No. 25 Pension Funds v. Steel Enters., Case No. 07-10882, 2008 U.S. Dist. LEXIS 77945 *8 (E.D. Mich. Sept. 30, 2008) (prolonging discovery by one month to accommodate newly added parties that were closely related to existing defendants); Commerce Benefits Group, Inc. v. McKesson Corp., Case No. 07-2036, 2008 U.S. Dist. LEXIS 15181 *1 (N.D.O. Feb. 13, 2008); (extending discovery for two months after Court granted plaintiffs leave to file third amended complaint naming new defendant that was a subsidiary of an existing defendant); Scull v. Mgmt. & Training Corp., Case No. 11-207, 2013 U.S. Dist. LEXIS 65031 *5 (D.N.M. Apr. 12, 2013) (affording a recently added party an additional month to perform discovery).

p. 2.)  Prior to May 2016, PRMEG served Saint Lukes notice of deposition pursuant to Federal Rule of Civil Procedure 30(b)(6). Id. at p. 1.  Notably, on April 21, 2016, PRMEG deposed Pedro Barez in his capacity as the Chief Operating Officer of then non-party Saint Lukes.  (Docket No 146-7 at pp. 10 & 16.)

The Court first acknowledged the existence of Saint Lukes in an Opinion and Order concerning PRMEG's motion to compel discovery.  (Docket No. 121 at 15-16) (denying motion to compel the production of discovery because Saint Lukes was, at that time, a non-party).  The Court addressed PRMEG's allegations that Saint Lukes and the defendants were intertwined corporations, cautioning explicitly that "[i]f defendants have possession, custody, or control of documents held by [Saint Lukes] and those documents have previously been requested by PRMEG, this part of the Court's Opinion and Order will not protect defendants from sanctions for failure to produce those documents." Id. at p. 16.  Since at least a year before the third amended complaint, Saint Lukes was aware of this litigation, of the claims stemming from a contract to which only Saint Lukes and PRMEG were parties, and participated in

depositions. Saint Lukes cannot feign surprise or unfamiliarity with this action.[8]

The Court will not approve a case management order from a *tabula rasa*. Not only has Saint Lukes participated in discovery as a non-party, but the causes of action set forth in the second and third amended complaints are nearly identical. (Docket Nos. 69 & 206). In both complaints, PRMEG alleges that defendants fraudulently obtained millions of dollars in payments from non-party insurance companies by falsely representing that defendants were entitled to bill those insurance companies for services provided by PRMEG, knowing full well that only PRMEG had the contractual right to do so. Id. By Saint Lukes' own admission, "the Board of Directors of Saint Lukes is composed of members of the Board of Directors of IEP."[9] (Docket No. 220 at p. 5.) Procedurally, Saint Lukes is a new party. From a pragmatic perspective, however, no impediment exists that would preclude an

---

[8] Attorney Anibal Núñez-González ("Núñez") represents Saint Lukes. (Docket No. 214.) Núñez first appeared in this case on behalf of IEP on December 15, 2016. (Docket No. 143.) As the Court previously noted, "[Núñez] has appeared on behalf of other defendants and with little effort can answer the third amended complaint." (Docket No. 219.) Núñez need not expend considerable time and effort in orienting himself with the facts and legal questions presented by this case.

[9] The Court's reference to the interwoven relationship between Saint Lukes and IEP implies only that defendants are uniquely familiar with this case. No party has pierced the corporate veil. Defendants retain their individual, corporate identities.

expedited scheduling order that simultaneously protects Saint Lukes' due process rights.

Nothing in this order prevents the parties from conducting discovery, or from submitting joint stipulations. Rather than "grind to a halt whenever a new party is added," litigants should "pursue the case and then supplement in a limited manner whatever additional discovery the new party may seek." Vaughn v. Homegoods, Inc., Case No. 07-15085, 2008 U.S. Dist. LEXIS 66831, at *2 (E.D. Mich. Sept. 11, 2008).

The Court will not rule in an information vacuum. Before the Court issues a final scheduling order, and to understand the status of this case better, the parties must specify the extent of completed disclosures.

**V.   Conclusion**

For the above reasons, the Court **ORDERS** each party to submit, **no later than February 2, 2018**, an informational motion setting forth:

1. A general overview of all disclosed documents.
2. All outstanding discovery requests.
3. The reasons for failing to fulfil outstanding discovery requests.
4. All depositions completed as of this order.
5. The parties in attendance during all past depositions.

      6.    Requested depositions that remain outstanding.

The Court **ORDERS** Saint Lukes and PRMEG to specify the extent of Saint Lukes' participation in discovery as a non-party prior to the third amended complaint. (Docket No. 206.) Lastly, the Court **ORDERS** the parties to submit proposed case management orders containing specific deadlines for discovery, dispositive motions, pretrial orders, *voir dire* questions, jury instructions, pretrial conference, and trial. The parties' respective motions for a final scheduling order are held in abeyance. (Docket Nos. 246 & 247.)

No extensions past February 2, 2018 will be allowed.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, January 24, 2018.

                                              s/ Francisco A. Besosa
                                              FRANCISCO A. BESOSA
                                              UNITED STATES DISTRICT JUDGE